**Julita SANTIAGO, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3070.

United States Court of Appeals, Federal Circuit.

DECIDED: April 8, 2004.

Julita Santiago, of Counsel, Zambales, Philippines, pro se.

Lisa B. Donis, Principal Attorney, Kathryn A. Bleecker, David M. Cohen, of Counsel, Department of Justice, Washington, DC, for Respondent.

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

PER CURIAM.

The question is whether the Office of Personnel Management ("OPM") abused its discretion in refusing to waive the thirty-day regulatory time limitation for requesting reconsideration of the agency's initial decision. The Merit Systems Protection Board upheld OPM's action, and we affirm the Board.

I

The petitioner Julita Santiago is the widow of a deceased former employee of the United States Navy in the Philippines. She applied to OPM for a survivor annuity. In a letter addressed to her in the Philippines and dated November 29, 2001, OPM denied her application. It stated that in 1983 it had informed her husband that "he was not eligible to receive a deferred annuity because he did not meet the eligibility requirements. Since [her] husband was not entitled to an annuity, there [was] no survivor annuity benefit payable to" Mrs. Santiago. The letter further informed her that any "request for reconsideration must be filed within 30 days of the date of this letter."

In a seven-page, single-spaced letter dated February 28, 2002, which discussed in detail the evidence underlying her claim and various legal issues, Santiago sought reconsideration of OPM's "initial decision which I received today, February 28, 2002. I ask that the time limit to file a reconsideration be waive for I only receive the decision this date."

On November 25, 2002, OPM dismissed her request for reconsideration as untimely. It noted that to be timely, OPM would need to have received her request by December 29, 2001, and it stated that Santiago had "not provided sufficient argument and/or evidence that would justify an extension of the time limit for filing under the ... provision" allowing for extensions of time for seeking reconsideration.

On January 6, 2003, Santiago filed with the Merit Systems Protection Board ("Board") an appeal from OPM's November 25, 2003 dismissal of her request for reconsideration. Although the appeal was not filed within thirty days of OPM's decision, as the regulations require, the Board's administrative judge noted that Santiago "stated that she received OPM's reconsideration decision on January 6, 2003. She enclosed an envelope from OPM which shows a Washington, D.C., postmark of November 26, 2002, and a San Narciso, Zambales, Philippines, postmark of January 6, 2003." The administrative judge stated that the "Board has recognized the frequently slow mail service between the United States and the Philippines," and he "assume[d] without deciding that the appellant timely filed her appeal within 30 days after her receipt of the reconsideration decision."

In his initial decision, which became final when the Board denied review of it, the administrative judge affirmed OPM's reconsideration decision. He stated:

I find that the appellant has failed to show that she satisfied either of the regulatory criteria for waiver of the time limit and further find that she has failed to show that OPM's rejection of her reconsideration request was unreasonable or an abuse of discretion.

II

Under the governing regulations, OPM may waive the thirty-day deadline for

seeking reconsideration if the applicant "was prevented by circumstances beyond her control from making the request" within the specified time period. 5 C.F.R. § 831.109(e)(2) (2003). We cannot say that OPM abused its discretion in concluding that Santiago had not so shown or that the Board erred in sustaining OPM's decision.

Although Santiago stated in her February 28, 2002 request for reconsideration that she had received OPM's initial decision that very day, she provided no documentary or other support for that claim. That filing stands in sharp contrast to her appeal to the Board, in which she submitted an envelope from OPM showing a postmark from the Philippines that was approximately forty days after the Washington, D.C. postmark. Moreover, it seems unlikely that she could have prepared the lengthy letter discussing the evidence in her case and the complex statutory and regulatory provisions on the same day on which she had received OPM's initial decision.

In sum, Santiago unfortunately failed to establish that circumstances beyond her control, namely, delay in mail delivery, had prevented her from filing her request for reconsideration with OPM within the thirty-day time limit. We cannot say that OPM abused its discretion in refusing to waive the time limit or that the Board erred in sustaining OPM's decision.